UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DEREK J. PIGG, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 1:09-cv-1291-LJM-MJD |
| ) | |
| JACKSON HEWITT BOWLING SHIPP LLC, ) | |
| ) | |
| Defendant. ) | |

**Entry Discussing Motion for Summary Judgment**

The parties to this action for employment discrimination are plaintiff Derek Pigg ("Pigg") and defendant Bowling-Shipp, LLC, d/b/a Jackson Hewitt Tax Services ("Bowling-Shipp"). Bowling-Shipp seeks resolution of the claims against it through the entry of summary judgment. In addition, Bowling-Shipp has filed a motion to strike Pigg's response to the motion for summary judgment.

For the reasons explained in this Entry, the motion to strike [36] will be **denied,** while the motion for summary judgment [29] will be **granted.**

Discussion

**The Motion to Strike**

Pigg opposed Bowling-Shipp's motion for summary judgment with a 5-page handwritten narrative of his case and the merit of his claims. That narrative is not in the form of an affidavit and has no evidentiary value. In addition, Pigg has not opposed the motion for summary judgment through the production of any evidentiary material.

Bowling-Shipp's motion to strike notes that Pigg's response to the motion for summary judgment does not meet the presentation (citations to the record) requirements of Rule Fed.R.Civ.P. 56(c)(1) or the evidentiary requirements Fed.R.Civ.P. 56(c)(4). This latter rule specifically provides: "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

Bowling-Shipp's motion to strike would have merit if Pigg's response to the motion for summary judgment had even a whisper of evidentiary value. But it does not. His response is not an affidavit. *Pfeil v. Rogers,* 757 F.2d 850, 862 (7th Cir. 1985) ("'An affidavit is a statement reduced to writing and the truth of which is sworn to before someone who is authorized to administer an oath.'") (quoting *Farm Bureau Mut. Auto Ins. Co. v. Hammer,* 83 F.Supp. 383, 386 (W.D.Va.), *rev'd. on other grounds,* 177 F.2d 793 (4th Cir. 1949), *cert. denied,* 339 U.S. 914 (1950)). His statements elucidate his claims, but has no evidentiary value in establishing a genuine issue of material fact. *Gilty v. Village of Oak Park,* 919 F.2d 1247, 1255 n.13 (7th Cir. 1990) (explaining that statements that are "neither notarized nor made under penalty of perjury [do] not comply with Rule 56(e) . . . . As such, we and can simply ignore them."); *Bell v. United Princeton Properties, Inc.,* 884 F.2d 713, 720 (3d Cir. 1989) ("[S]tatements made in briefs are not evidence of the facts asserted."); *Pfeil v. Rogers,* 757 F.2d 850, 862 (7th Cir. 1985) (legal arguments and conclusions are not "facts to which an affiant is competent to testify, [and] legal argument in an affidavit may be disregarded"), *cert. denied*, 475 U.S. 1107 (1986).

Accordingly, Bowling-Shipp's motion to strike [36] will be denied.

**The Motion for Summary Judgment**

A[T]he primary purpose of summary judgment is to isolate and dispose of factually unsupported claims.@ *Albiero v. City of Kankakee*, 246 F.3d 927, 932 (7th Cir. 2001). The means by which this purpose is accomplished is by "pierc[ing] the pleadings and . . . assess[ing] the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). Succinctly stated, "summary judgment serves as the ultimate screen to weed out truly insubstantial lawsuits prior to trial." *Crawford-El v. Britton,* 118 S. Ct. 1584, 1598 (1998).

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248).

"'It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'" *Sanders v. Village of Dixmoor,* 178 F.3d 869, 870 (7th Cir. 1999) (quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)). AWhen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must C by affidavits or as otherwise provided in this rule C set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if

appropriate, be entered against that party.@ FED. R. CIV. P. 56(e)(2). "[A] party's failure to comply with summary judgment evidentiary requirements is traditionally remedied . . . by excluding the non-conforming submission and deeming the opposing party's proposed findings of fact admitted and then determining whether those facts entitle the moving party to judgment as a matter of law." *Ziliak v. AstraZeneca LP,* 324 F.3d 518, 520 (7th Cir. 2003) (citing cases).

As noted above, Pigg has not properly opposed the motion for summary judgment. The consequence of this failure is clear: "[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission." *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003). Additionally, if a party "fails to properly address another party's assertion of fact . . . the court may consider the fact undisputed for purposes of the motion." Fed.R.Civ.P. 56(e)(2). The court therefore resolves the motion for summary judgment on the basis of the evidence submitted by Bowling-Shipp. *See Koszola v. Board of Education v. City of Chicago,* 385 F.3d 1104 (7th Cir. 2004).

Pigg alleges that he was subjected to a hostile environment and race and gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), that his employment was terminated in violation of the Age Discrimination in Employment Act ("ADEA"), and 42 U.S.C. § 1981, and that he was subjected to retaliation in violation of Title VII.

### Discussion

Consistent with the foregoing, therefore, the following statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Pigg as the non-moving party with respect to the motion for summary judgment. *Hemsworth v. Quotesmith.com, Inc.,* 476 F.3d 487, 489 n.1 (7th Cir. 2007).

January 5, 2008, Pigg was hired by Bowling-Shipp as a "tax preparer" in its Kokomo, Indiana office. Pigg had no previous experience as a tax preparer.

Pigg had a poor record of accuracy in completed tax returns (which had to be re-done by other Bowling-Shipp employees), was often late, or a "no show, no call" for work, was unable to work without conflict with other employees of Bowling-Shipp, was generally disorganized, granted certain customers discounts without prior authorization of management, and ultimately caused a disturbance and physical altercation at Bowling-Shipp's place of business. Pigg was terminated on or about February 18, 2008 after failing to correct the complained of behaviors. Pigg's work environment was neither objectively nor subjectively offensive associated with social activities. A woman co-worker who was paid one dollar ($1.00) more per hour than was Pigg was a "tax branch manager" with three (3) years experience in the field, unlike a "tax preparer" such as Pigg, with no prior experience. Pigg's employment was terminated because of his inadequate performance of his assigned duties and his failure to improve his performance. There is no evidence of any retaliatory action by Bowling-Shipp because of Pigg's filing of a charge of discrimination with the EEOC.

Each of the claims Pigg presents calls for a similar analysis, and in each instance Bowling-Shipp has demonstrated its entitlement to the entry of summary judgment.

The ADEA prohibits "discrimination against an individual over age 40 with respect to 'compensation, terms, conditions, or privileges of employment, because of an individual's age.'" *Billet v. Cigna Corp.,* 940 F.2d 812, 816 (3d Cir. 1991) (quoting 29 U.S.C. § 623(a)). To recover under the act, "'a plaintiff must prove by a preponderance of the evidence that age was the determinative factor in the employer's decision' at issue." *Id.* (quoting *Bartek v. Urban Redevelopment Authority of Pittsburgh,* 882 F.2d 739, 742 (3d Cir. 1989)).

In order to prevail on a claim of disparate treatment under the ADEA, then, "a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." *Gross v. FBL Fin. Servs., Inc.,* 129 S. Ct. 2343, 2351-52 (2009). In other words, proof that the plaintiff's age was a motivating factor, but not a determinative factor, in the employer's decision, will not suffice to establish the employer's liability. *See id.* at 2352. At the summary-judgment stage, however, the plaintiff only needs to create a genuine issue as to whether the employer discriminated against him on the basis of his age. We have traditionally allowed an ADEA plaintiff two ways to avoid summary judgment: the so-called direct and indirect methods of proof. *Guinto v. Exelon Generation Co., LLC*, 341 Fed.Appx. 240, 245, 2009 WL 2502099, *4 (7th Cir. 2009).

With the direct method, if the employee does not have what amounts to an admission of discrimination, he may use circumstantial evidence creating a "convincing mosaic" that points directly to a discriminatory reason for the decision. *See Petts v. Rockledge Furniture LLC,* 534 F.3d 715, 720 (7th Cir. 2008).

Under the indirect method, an ADEA plaintiff must establish his *prima facie* case, which requires him to show (1) that he is over 40; (2) that he was meeting his employer's legitimate job expectations; (3) that he suffered an adverse employment action; and (4) that similarly situated employees not in the protected class were treated more favorably. *Olson v. N. FS, Inc.,* 387 F.3d 632, 635 (7th Cir. 2004).

Pigg has not offered direct evidence of age discrimination. In applying the indirect method, the evidentiary record shows that Pigg was *not* meeting Bowling-Shipp's legitimate job expectations and does not show that similarly situated employees not in the protected class were treated more favorably than was Pigg. Without direct evidence or a *prima facie* case under the indirect burden-shifting methodology, Pigg cannot survive summary judgment.

A comparable analysis is made with respect to Pigg's Title VII claims. *Butts v. Aurora Health Care*, 387 F.3d 921, 924 (7th Cir. 2004)("It is well-established that a plaintiff in a Title VII case may proceed under a direct or indirect method of proof.") (citing *Mateu-Anderegg v. School Dist.,* 304 F.3d 618, 623 (7th Cir. 2002)). Again, Pigg has offered no direct evidence and he fails to present a *prima facie* case as to any of his theories.

- The hostile work environment claim is based on Pigg being invited to some social activities during non-working hours. To pursue a hostile work environment claim, Pigg must prove that: (1) his work environment was both objectively and subjectively offensive; (2) the harassment was based on his membership in a protected class; (3) the conduct was either severe or pervasive; and (4) there is a basis for employer liability. *Cerros v. Steel Techs., Inc.,* 288 F.3d 1040, 1045 (7th Cir. 2002). In this instance, the undisputed evidence is that Pigg's work environment was neither objectively nor subjectively offensive and that the conduct of which he complains was neither severe nor pervasive. This claim fails.

- As to Pigg's claim of racial discrimination, Pigg must make a prima facie case of discrimination by showing that he (1) belongs to a protected class; (2) performed his job according to his employer=s legitimate performance expectations; (3) suffered an adverse employment action; and (4) was treated less favorably compared to similarly situated employees outside of the protected class. *Patterson v. Indiana Newspapers, Inc.*, 589 F.3d 357, 364-65 (7th Cir. 2009). The claim of race discrimination also fails in this case because Pigg cannot establish a *prima facie* case. This conclusion rests on his inability to satisfy either the second or fourth elements of a *prima facie* case. These circumstances are also fatal to any claim Pigg asserts pursuant to 42 U.S.C. § 1981. *Montgomery v. Am. Airlines, Inc.,* 626 F.3d 382, 389 (7th Cir. 2010)(the court analyzes § 1981 discrimination claims in the same manner as claims brought pursuant to Title VII).

- As to Pigg's claim of gender discrimination because of the wage disparity, his gender was not a factor and the experience and different position of the woman co-worker places her outside of any class to which Pigg might think himself a member. *Gore v. Indiana University,* 416 F.3d 590, 5993 (7th Cir. 2005)(AThe objective of the indirect method is to assess whether the plaintiff's race, or gender, or other protected characteristic, affected the employment action in question.@). This claim fails.

- Under Title VII, unlawful retaliation occurs when an employer takes an adverse employment action against an employee for opposing impermissible discrimination. *Fine v. Ryan International Airlines,* 305 F.3d 746, 751 (7th Cir. 2002) (citing 42 U.S.C. ' 2000e-3(a)). To survive summary judgment on a retaliation claim under the indirect method of proof, a plaintiff must establish that: A(1) the plaintiff engaged in statutorily protected activity, (2) he performed his job according to the employer's legitimate expectations, (3) he suffered a materially adverse employment action, and (4) he was treated less favorably than similarly situated employees who did not engage in statutorily protected activity.@ *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 861-62 (7th Cir. 2005). There is no evidence as to the fourth element of this test and the evidence negates the second element. Accordingly, this claim fails.

"[T]he *prima facie* case requires 'evidence adequate to create an inference that an employment decision was based on a[n] [illegal] discriminatory criterion.'" *O'Connor v. Consol. Coin Caterers Corp.,* 517 U.S. 308, 312 (1996) (quoting *Teamsters v. United*

*States,* 431 U.S. 324, 358 (emphasis in original). As explained herein, Pigg has not come forward with evidence that establishes a *prima facie* case as to his claims. AWithout a *prima facie* case, the plaintiff cannot withstand summary judgment.@ *Hong v. Children's Memorial Hosp.,* 993 F.2d 1257, 1261 (7th Cir. 1993).

## Conclusion

Bowling-Shipp's motion to strike [36] is **denied**.

Bowling-Shipp's motion for summary judgment [29] is **granted**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  09/15/2011

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana